UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**IN ADMIRALTY**

CASE NO:

SEABOARD MARINE LTD.,

      Plaintiff,

vs.

CARGOLAND AIR & OCEAN CARGO INC.,

      Defendant.

_____/

## <u>COMPLAINT</u>

COMES NOW, the Plaintiff, SEABOARD MARINE LTD., by and through its undersigned attorneys, and for its Complaint against Defendant, CARGOLAND AIR & OCEAN CARGO INC., and states as follows:

1. This is a matter of admiralty and maritime jurisdiction under 28 U.S.C. § 1333 and within the meaning of Rule 9(h).

2. Jurisdiction also lies under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1337 (regulation of commerce).

3. At all times material hereto, Plaintiff is, and has been, a foreign corporation engaged in business as a common carrier by water.

4. At all times material hereto, Defendant is and has been a Florida corporation present in and doing business in this district, and the shipper of the cargo identified in the bills of lading referenced herein.

5.    Carriage of the goods in question is subject to 46 U.S.C. App. § 1701, et seq., which regulates the common carriage of goods by water in interstate and foreign commerce.

6.    In October 2011, plaintiff received various trucks ("the cargo") from the defendant for transportation from Houston Texas to Arica Chile under bills of lading to be issued by Seaboard.

7.    The Defendant declared the value of the trucks to be shipped as cargo from Houston to Arica under Seaboard Bill of Lading Number SMLU2852447A as $357,048.00.

8.    The Defendant declared the value of the trucks to be shipped as cargo from Houston to Arica under Seaboard Bill of Lading Number SMLU2879438A as $348,850.00.

9.    Pursuant to SEABOARD MARINE's tariff, Rule No. 012, Ad Valorem Cargo, where the shipper elects to show value of the goods on the Bill of Lading, ad valorem charges will be assessed.

10.   Pursuant to SEABOARD MARINE's tariff, Rule No. 012, a shipper who has elected to show value of the goods on the Bill of Lading will be deemed to have desired to be covered for the value in excess of that allowed by the carrier's regular bill of lading, and will be assessed the additional ad valorem charge contained in this rule.

11.   Pursuant to SEABOARD MARINE's tariff, Rule No. 012, by electing to show the value of the goods on the Bill of Lading, the shipper is liable for an

additional charge of ten percent (10%) ad valorem of the total declared valuation in addition to the stipulated rate on the commodities shipped.

12.    The transportation services described in the above referenced bills of lading were performed by SEABOARD MARINE, and CARGOLAND benefited thereby, yet CARGOLAND has not paid the ad valorem charge required by Rule No. 012.

13.    The Defendant is liable for the outstanding ad valorem charge in the amount $34,885.00 for the trucks transported under Seaboard Bill of Lading Number SMLU2852447A dated 10/6/ 2011.

14.    The Defendant is liable for the outstanding ad valorem charge in the amount $35,704.80 for the trucks transported under Seaboard Bill of Lading Number SMLU2879438A dated 10/15/2011.

15.    Defendant owes plaintiff $70,589.80, for the outstanding ad valorem charges described above, as provided in the plaintiff's duly filed tariff.

16.    Plaintiff has demanded payment of the outstanding ad valorem charges however defendant has refused to pay the same, the ad valorem amount remains unpaid, and the Defendant is not entitled to any offset against the said the amount which remains due and owing.

17.    The Plaintiff has retained the law firm of BLANCK & COOPER, P.A. for the purpose of collecting the aforesaid indebtedness and is obligated thereby for attorneys fees and costs pursuant to the terms and conditions of the bills of lading referenced herein and SEABOARD MARINE's duly filed tariff.

WHEREFORE, plaintiff SEABOARD MARINE LTD. prays for judgment against

Defendant CARGOLAND AIR & OCEAN CARGO INC. in the amount of $70,589.80,

plus interest, costs, and attorney's fees as provided by contract and tariff.

DATED this 27th day of December 2012

BLANCK & COOPER, P.A.
5730 S.W. 74th Street, Suite #700
Miami, Florida  33143
Phone:  (305) 663-0177
Facsimile:  (305) 663-0146

BY:_____//S// Jonathan S. Cooper, Esq._____
Jonathan S. Cooper, Esquire
Florida Bar Number: 99376
Email: jcooper@shiplawusa.com
Attorney for Plaintiff

7447/Complaint